UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AGATHA MARTIN WILLIAMS, | ) | CASE NO. 5:14-cv-1304 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RONETTE BURKES, Warden, | ) | **AND ORDER** |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is petitioner's motion for reconsideration and request for certificate of appealability. (Doc. No. 50.) No response to the motion has been filed.

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it serves a legitimate and valuable role in certain situations. *Nat'l Union Fire Ins. Co. v. Continental Illinois Corp.*, 116 F.R.D. 252, 253 (N.D. Ill. 1987) (citing *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)). Such a motion is typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)).

Generally, only three situations justify a district court in altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). Moreover, the motion for reconsideration must demonstrate to the court why it should reconsider its

decision and set forth strongly convincing facts or law that would induce it to reverse its prior decision. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

The underlying issue in the petition for writ of habeas corpus and in petitioner's objections to the magistrate judge's report and recommendation was whether it was a violation of petitioner's Fifth Amendment privilege against self-incrimination to use her testimony from her attorney disciplinary proceeding, which she alleges was coerced by virtue of the potential penalty (i.e., disbarment), to prove a probation violation, resulting in revocation of her probation. Petitioner advocated for the "penalty exception," which is applied where "assertion of the privilege [against self-incrimination] is penalized so as to 'foreclos[e] a free choice to remain silent, and …compe[l] … incriminating testimony.'" *Minnesota v. Murphy*, 465 U.S. 420, 434, 104 S. Ct. 1136, 79 L. Ed. 2d 409 (1984) (quoting *Garner v. United States*, 424 U.S. 648, 661, 96 S. Ct. 1178, 47 L. Ed. 2d 370 (1976)) (alterations in original).

The Court previously concluded that "[t]he fatal flaw in petitioner's argument is that, no matter how damaging it might have been with respect to her probationary status, her testimony about leaving the state to gamble [which constituted a probation violation] was not self-incriminating within the meaning of the Fifth Amendment, since it is not illegal to engage in such behavior." (Memorandum Opinion and Order, Doc. No. 48, at 928.)

Petitioner does not argue in her motion for reconsideration that there has been an intervening change in the law or any new evidence. Nor does she argue that reconsideration is sought to correct a clear error of law or prevent manifest injustice. Rather, petitioner simply reasserts her Fifth Amendment argument, the same argument that was rejected by this Court in its ruling of May 18, 2016. Rule 59(e) is not designed to give an unhappy litigant an opportunity

to relitigate matters already decided. *See Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991) (citation omitted).

Petitioner also seeks a certificate of appealability, which, under 28 U.S.C. § 2253(c)(2), "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner made no such showing initially, nor has she done so in her motion for reconsideration.

For the reasons discussed herein, petitioner's motion for reconsideration (Doc. No. 50) is granted, but, upon reconsideration, the Court discerns no reason to depart from its original decision rendered on May 18, 2016, including its decision to deny a certificate of appealability, and petitioner's motion for a certificate of appealability is denied.

**IT IS SO ORDERED**.

Dated: November 10, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**